# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**ANGELA POSKEY, on behalf of**
**EDWARD POSKEY**                                                                    **PLAINTIFF**

**V.**                              **No. 3:22-CV-00010-ERE**

**KILOLO KIJAKAZI, Acting**
**Commissioner of Social Security**                                              **DEFENDANT**

## ORDER[1]

Plaintiff Angela Poskey, on behalf of Edward Poskey,[2] appeals the Social Security Administration Commissioner's final decision denying his Title II application for disability benefits. For reasons set out below, the Commissioner's decision is AFFIRMED.

## I.    BACKGROUND

On March 15, 2020, Mr. Poskey protectively filed an application for benefits due to type 1 diabetes, diabetic neuropathy in the legs and feet, chronic obstructive pulmonary disease ("COPD"), and diabetic retinopathy. *Tr. 17, 232*.

Mr. Poskey's claim was denied initially and upon reconsideration. At Mr. Poskey's request, an Administrative Law Judge ("ALJ") held a hearing on June 17,

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

[2] Mr. Poskey died after the ALJ issued his opinion but before the Appeals Council's denial. Ms. Poskey, the surviving widow, was substituted as a party on October 18, 2021. *Tr. 6, 11*. For clarity, the Court will refer to Mr. Poskey as Plaintiff in this opinion.

2021, where Mr. Poskey appeared with his lawyer, and the ALJ heard testimony from Mr. Poskey and a vocational expert ("VE"). *Tr. 33-58*. The ALJ issued a decision on July 1, 2021, finding that Mr. Poskey was not disabled. *Tr. 14-32*. The Appeals Council denied Mr. Poskey's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-4*.

Mr. Poskey, who was sixty-four years old at the time of the hearing, graduated high school and has past relevant work experience as a telephone maintenance mechanic and user-support analyst. *Tr. 56*.

## II.   THE ALJ's DECISION[3]

The ALJ found that Mr. Poskey had not engaged in substantial gainful activity since March 13, 2020, the alleged onset date. *Tr. 19*. The ALJ concluded that Mr. Poskey had the following severe impairments: type 1 diabetes mellitus; diabetic neuropathy; COPD; lung nodule; peripheral edema; and hyperlipidemia. *Id.* However, the ALJ found that Mr. Poskey did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 20*.

---

[3] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g).

According to the ALJ, Mr. Poskey had the residual functional capacity ("RFC") to perform sedentary work, with the following limitations: (1) only occasional pushing or pulling with his bilateral lower extremities; (2) no climbing ladders, ropes, or scaffolds; and (3) occasional stooping, crouching, kneeling, crawling, and climbing ramps and stairs. The ALJ noted that Mr. Poskey could occasionally work: (1) at unprotected heights and around moving mechanical parts; (2) in humidity and wetness; (3) in dust, odors, fumes, and pulmonary irritants; and (4) in extreme temperatures, both hot and cold. *Tr. 21*.

In response to hypothetical questions incorporating the above limitations, the VE testified that Mr. Poskey could perform his past work as a user-support analyst. *Tr. 57.* Accordingly, the ALJ found that Mr. Poskey could perform a significant number of jobs existing in the national economy, and was not disabled.

### III.  DISCUSSION

#### A.  Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th

Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.  Mr. Poskey's Arguments for Reversal

Mr. Poskey contends that the Commissioner's decision is not supported by substantial evidence. Mr. Poskey argues that the ALJ erred by: (1) not considering whether he medically equals Listing 3.02A; (2) failing to properly assess his credibility; (3) finding that he can perform past relevant work; and (4) relying on a medical note referencing "no acute distress" to support the decision to deny benefits. *Doc. 10 at 24, 27, 30.* After careful review of the record and the parties' briefs, the Court affirms the Commissioner's decision for the reasons below.

#### 1.  Listing 3.02A

Mr. Poskey concedes that his respiratory impairments did not meet Listing 3.02A, but argues that the ALJ failed to consider whether his impairments medically equaled the listing.

The ALJ addressed Listing 3.02 as follows:

> Listing 3.02, which relates to chronic pulmonary insufficiency, is met if spirometry test results are below a certain threshold, which varies

> depending upon the height of the claimant. In a posthearing brief dated June 17, 2021, [Mr. Poskey] argued that [he] met Listing 3.02(A), reportedly based on a best FEV1 of 1.47 during a pulmonary function study obtained on October 19, 2020 . . . . However, the claimant's pulmonary function test revealed a post-bronch best FVC of 2.86 and FEV1 of 1.84, which is not listing level.

*Tr. 20*. Mr. Poskey asserts that he "medically equals the listing level, given that in three of the four trials he was significantly under the listing threshold of 1.75 (–.13, –.26, and –.12), while he exceeded the listing threshold only once by .09." *Doc. 10 at 25*. Mr. Poskey contends that the ALJ should have considered all of "the evidence of record, including substantial evidence demonstrating repeated exacerbations and complications of [Mr.] Poskey's COPD and related impairments, as well as multiple FEV1 values that would otherwise place [Mr.] Poskey's impairment within the criteria of Listing 3.02A." *Id. at 27*.

Contrary to Mr. Poskey's argument, the ALJ specifically found that the severity of his impairments did not medically equal the criteria of Listing 3.02. *Tr. 20*. And it is clear from the opinion that the ALJ's opinion *did* consider all of the record evidence in making that determination. While the analysis does not appear in the same section where the ALJ determined that Mr. Poskey's highest FEV1 disqualified him from meeting the listing, it does appear in the opinion. The ALJ noted the following:

- "[Mr. Poskey's] complaints about chronic COPD issues, including chronic shortness of breath and daily use of oxygen is largely inconsistent with the medical evidence . . . ."

5

- Mr. Poskey's COPD impairment is "maintained on an outpatient bases with mostly six month pulmonary follow-ups."

- "[C]ontrary to [Mr. Poskey's] testimony about daily use of oxygen on-the-job, the record reveals that he was prescribed concentrated oxygen at night."

- Mr. Poskey "denied nightly use of oxygen"

- "All of [Mr. Poskey's] oxygen saturation levels on room temperature have remained 94 percent or greater."

- Mr. Poskey's "pulmonary effort during exams have remained normal without respiratory distress."

- Mr. Poskey never "required hospitalization for COPD."

*Tr. 22*. "An ALJ's failure to address a specific listing or to elaborate on his conclusion that a claimant's impairments do not meet the listings is not reversible error if the record supports the conclusion." *Vance v. Berryhill*, 860 F.3d 1114, 1118 (8th Cir. 2017). The Eighth Circuit has "consistently held that a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case." *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999). Clearly, the ALJ analyzed the record as a whole. Substantial evidence supports the ALJ's finding that Mr. Poskey's COPD did not medically equal Listing 3.02.

## 2. The Credibility Assessment

Mr. Poskey complains that, out of five paragraphs in the opinion assessing his subjective complaints, there is but "a single ground asserted by the ALJ for discounting [Mr.] Poskey's subjective complaints [and that] is that they were 'not entirely consistent' with the medical evidence of record . . . ." *Doc. 10 at 28*. He argues that the ALJ "never assessed the credibility or consistency of [Mr.] Poskey's testimony against his limited daily activities or other *Polaski* factors." *Id.*

The Court normally should defer to an ALJ's credibility determination. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id*. When evaluating the credibility of a claimant's subjective complaints, an ALJ must consider the *Polaski* factors, which include "the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions." *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010) (quotation omitted) (citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984)). Also relevant is the absence of objective medical evidence supporting the claimant's subjective complaints, although the ALJ cannot discount a claimant's credibility based on this consideration alone. *Id*. at 932.

Here, the ALJ considered Mr. Poskey's activities of daily living and the medical evidence – some of which is discussed in the previous section – and weighed it against his subjective complaints. The ALJ noted that Mr. Poskey drove without restrictions, attended auctions regularly, fished, and went to target practice (though recently it had been too strenuous for him). *Tr. 21, 54-55*. Mr. Poskey testified, and the ALJ properly noted, that Mr. Poskey was laid off work rather than quitting because of his impairments. *Tr. 21, 39, 42*. See *Black v. Apfel*, 143 F.3d 383, 387 (8th Cir. 1998) (finding it proper for an ALJ to offset a lengthy work history with the fact that claimant was "laid off from [his] position, rather than forced out due to [his] condition.").

Mr. Poskey argues that the ALJ gave only "cursory consideration of relevant *Polaski* factors – especially [his] work record . . . ." *Doc. 10 at 29.* Mr. Poskey's work history was discussed in both the ALJ's opinion and at the hearing. *Tr. 21, 40, 45-46*. An ALJ need not explicitly discuss each of the *Polaski* factors in the written decision as long as it is clear that they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004). Additionally, as mentioned above, an ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Grindley*, 9 F.4th at 630.

Based on the evidence as a whole, the ALJ's findings were supported by the record and there is no reason to depart from the deference normally given to the ALJ's credibility determination.

### 3. Past Relevant Work

Mr. Poskey argues that the VE's testimony does not support the ALJ's finding that he could perform his past relevant work as a user-support analyst. *Doc. 10 at 30.* In his hypothetical to the VE, the ALJ listed all of the limitations that he found were supported by the record as a whole, and the VE responded that Mr. Poskey could perform his past relevant work as a user-support analyst. *Tr. 56-57.* In a follow-up hypothetical question – presumably in consideration of Mr. Poskey's testimony – the ALJ added the limitation of a person being "off task 15% of the work period" because of fatigue. *Tr. 57.* The VE testified that this person would not be able to perform work as a user-support analyst.

However, the ALJ ultimately did not include the 15% limitation in Mr. Poskey's RFC. Mr. Poskey argues that, based on his testimony, he needed the additional limitation of being "off task 15% of the work period." Obviously, the ALJ disagreed after reviewing the record and in issuing his final opinion. As mentioned in the previous sections, the ALJ properly discounted Ms. Poskey's subjective complaints in light of the record as a whole. The ALJ was not required

to include in Mr. Poskey's RFC limitations found not credible. *Buckner v. Astrue*, 646 F.3d 549, 561 (8th Cir. 2011).

### 4. Reliance on Medical Note on "No Acute Distress"

Mr. Poskey points out that the ALJ noted three times that he was in "no acute distress" and argues that "this medical notation does not indicate that [Mr.] Poskey's chronic pulmonary and diabetic conditions were not disabling." *Doc. 10 at 32*. If this were the only factor supporting the ALJ's decision, it might have some merit. However, as mentioned above, the ALJ properly assessed the credibility of Mr. Poskey's subjective complaints and considered all of the relevant evidence in the record as a whole in finding that that he was not disabled. The ALJ's conclusions are supported by substantial evidence in the record.

### IV. CONCLUSION

The ALJ applied proper legal standards in evaluating Mr. Poskey's claims, and substantial evidence supports the decision to deny benefits.

Accordingly, Mr. Poskey's appeal is DENIED and judgment will be entered for the Commissioner. The Clerk of Court is directed to close the case.

IT IS SO ORDERED this 30th day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE